### EMERY v. IONIA CIRCUIT JUDGE.

MANDAMUS — JUDICIAL DISCRETION — DISSOLVING INJUNCTION — DRAIN COMMISSIONER.

Where a temporary injunction is granted on a bill alleging that complainant is owner in fee of certain land upon which the drain commissioner is about to cast large quantities of water to its injury, and a motion to dissolve, on the ground that complainant is not the owner of the fee, is denied after a showing that he, in fact, holds under a land contract, the decision of the circuit judge will not be controlled by mandamus.

Mandamus by Fred Emery and Marvin E. Kenyon, drain commissioner of Ionia county, to compel Frank D. M. Davis, circuit judge of Ionia county, to dissolve a

temporary injunction.    Submitted November 15, 1904. (Calendar No. 20,788.)    Writ denied December 22, 1904.

*Nichol & Locke*, for relators.

*R. A. & W. E. Hawley*, for respondent..

MOORE, C. J.    Roswell C. Chickering filed a bill in chancery, alleging, in substance, stated briefly, that he was the owner in fee of certain real estate; that Marvin E. Kenyon, as drain commissioner, and Fred Emery, as contractor, by means of a drain were about to bring to his premises a large quantity of water without making any adequate facilities for carrying it away, thereby flooding arable land, and that he would suffer irreparable wrong if they were permitted to do so, and praying for an injunction.    A preliminary injunction was granted by Judge Davis.

Defendants answered the bill, denying its allegations, and moved to dissolve the injunction (we quote from the motion) "for the reason that the court in allowing said re-straining order or injunction was misled by the bill of complaint in said cause, and induced to grant the same contrary to law, said bill setting forth upon its face that the above-named complainant was the owner in fee simple of the lands described in the bill of complaint, whereas in truth and in fact said complainant was not the owner in fee of the said land."

This was the only reason assigned.    Affidavits and counter affidavits were filed, from which it was fairly es-tablished that complainant was in possession, not as the owner in fee, but under a land contract he had from the owner in fee.    Judge Davis was of the opinion that com-plainant had interests in the land which entitled him to the protection of a court in chancery, if upon the final hearing he should establish the allegations of his bill of complaint, and overruled the motion to dissolve the injunction.    Man-damus is now sought to compel him to dissolve the injunc-tion.    We have examined with care all of the files and the

briefs of counsel, and think a showing is not made, which would justify us in overruling the action of the circuit judge.

The application for the writ is denied.

The other Justices concurred.